IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ADIB EDDIE RAMEZ MAKDESSI,

    Petitioner,

v.                                                          Civil Action No. 3:24cv672

COMMONWEALTH OF VIRGINIA,

    Respondent.

### MEMORANDUM OPINION

Adib Eddie Ramez Makdessi, was convicted in the Circuit Court for City of Virginia Beach and "is currently serving two life sentences for first-degree murder for the May 14, 1996 killings of Elise Makdessi, his wife, and Quincy Brown, Elise's co-worker at Naval Air Station Oceana" and an additional thirteen years for two firearm crimes. *Makdessi v. Watson*, 682 F. Supp. 2d 633, 636 (E.D. Va. 2010). By Memorandum Opinion and Order entered on February 4, 2010, this Court denied Makdessi's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See id.* at 657; (ECF Nos. 17, 18). Since that time, Mr. Makdessi has filed many frivolous attacks on that decision and his underlying convictions. Mr. Makdessi has now once again submitted a 28 U.S.C. § 2254 Petition. ("§ 2254 Petition," ECF No. 1.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Court

has not received authorization from the United States Court of Appeals for the Fourth Circuit to file the present § 2254 Petition. Therefore, the action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Mr. Makdessi fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 10/28/2024  
Richmond, Virginia

/s/ MHL  
M. Hannah Lauck  
United States District Judge